## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID DESCHOOLMEESTER, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-1538** |
| | * | |
| **CARTUS CORPORATION, ET AL.** | * | **SECTION "L" (1)** |

### ORDER & REASONS

The Court has pending before it the United States's second motion to dismiss for lack of subject matter jurisdiction. (Rec. Doc. 37).  The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.      BACKGROUND**

This case arises out of Plaintiff David Deschoolmeester's relocation from Florida to Louisiana to take a different job with the United States Department of Veterans Affairs ("VA"). As set forth in the amended complaint, Plaintiff formerly lived in Miami, Florida, where he owned a home with his wife and co-Plaintiff Christine Dick.  Plaintiff worked at a VA Hospital. On January 28, 2008, the VA advertised a job position in New Orleans, Louisiana.  The advertisement stated that the job offer included "Home Sale Assistance."  Pursuant to federal law, agencies "may enter into contracts to provide relocation services to agencies and employees," including "arranging for the purchase of a transferred employee's residence."  5 U.S.C. § 5724c.  However, pursuant to regulations, an employee cannot be reimbursed for losses caused by real estate market conditions.  *See* 41 C.F.R. § 302-11.304.

Plaintiff applied, interviewed, and was offered the New Orleans position in March, 2008. At some point the VA allegedly provided Plaintiff with an "Employee Relocation Policy Guide

for Permanent Change of Station Home Owners" ("the Policy Guide").  Plaintiff reviewed the

Guide and accepted the job offer.  Plaintiff purchased a home in Mandeville, Louisiana, on April

30, 2008, and Plaintiff's wife left her job in Florida and moved to Louisiana in May, 2008.

After moving to Louisiana, Plaintiff contacted Defendant Cartus Corporation ("Cartus"),

the corporation with which the VA had contracted to provide home sale assistance.  Pursuant to

Cartus's instructions, Plaintiff listed his Florida home for sale on March 28, 2008.  After keeping

the home on the market for 60 days, Plaintiff received an offer from Cartus to purchase the home

for $150,000, based on an average of two market appraisals.  The contract of sale required that

Plaintiff have positive net equity in the property, but Plaintiff owed over $209,000 on his

mortgage.  Plaintiff alleges that the Policy Guide provided to him by the VA did not mention a

requirement that he have positive net equity in the home.

Plaintiff attempted to arrange a short sale of the Florida home with his bank, but was

unable to finalize that deal within the 60 days that the Cartus offer remained open.  Plaintiff

alleges that Cartus refused to extend the closing date and did not purchase the property.

Plaintiff's Florida home was subsequently foreclosed upon.  Plaintiff contends that the

foreclosure has ruined his credit and caused him severe stress, which has caused him to transfer

to a lower-paying, lower-stress job.

With respect to Cartus, Plaintiff alleges that he was the beneficiary of the contract

between Cartus and the VA and is entitled to enforce his rights under that contract.  Plaintiff

alleges that Cartus breached its contract with the VA by requiring positive net equity and

refusing to cooperate with him in arranging the short sale.

With respect to the United States, Plaintiff alleges that the VA should have known of the

probability that employees in Florida seeking Home Sale Assistance in connection with a

transfer might lack positive net equity in their homes.  Plaintiff also alleges that the VA did not

advise him of the equity requirement or that he did not qualify for Home Sale Assistance.

Plaintiff alleges that he relied on the VA's statements and omissions:

> [Plaintiff] relied upon the VA's assurance of Home Sale Assistance in agreeing to
> relocate to Louisiana.  He would not have accepted the new position and he and
> his wife would not have moved to Louisiana had they been informed that Home
> Sale Assistance required the home have positive net equity.  He would not have
> accepted the new position and he and his wife would not have moved to
> Louisiana had they been informed that he did not qualify for Home Sale
> Assistance.

(Rec. Doc. 27 at 6).  Therefore, Plaintiff argues that the United States is liable "for breach of its

agreement, representation and promise to provide Home Sale Assistance and failure to advise

[Plaintiff] of the requirement for positive net equity."  *Id.* at 9.

On January 6, 2011, the Court granted a motion to dismiss without prejudice filed by the

United States based on Plaintiff's failure to comply with the administrative exhaustion

requirements of the Federal Tort Claims Act ("FTCA").  The Court did not reach other grounds

for dismissal on the basis of sovereign immunity raised by the Untied States, but noted that

"these other arguments pose legitimate challenges to the Court's jurisdiction that will have to be

addressed" if Plaintiff chose to amend.  On January 28, 2011, Plaintiff filed an amended

complaint that cured the defect in administrative exhaustion.

## II.    PRESENT MOTION

The United States has now filed a second motion to dismiss for lack of subject matter

jurisdiction pursuant to Federal Rule of Civil Procedure Rule 12(b)(1).  The United States argues

that the Court lacks jurisdiction because allegedly tortious conduct was performed by a

contractor, not an employee of the United States, and therefore sovereign immunity to the claim

has not been waived.  Second, the United States argues that the allegedly tortious conduct is

a misrepresentation to which the United States has not waived sovereign immunity. Finally, the United States argues that the proper forum for Plaintiff's claim is the Civilian Board of Contract Appeals.

Plaintiff opposes the motion, arguing that under the terms of the contract between the United States and Cartus, Cartus was not a contractor and that the VA remains liable for the actions of its own employees. Plaintiff also characterizes his causes of action as for affirmative negligence on the part of the VA, rather than misrepresentation. Finally, Plaintiff responds that he has already brought his claim before the Civilian Board of Contract Appeals and been sent to pursue a FTCA claim.

## II.    Law & Analysis

## A.    Burden of Proof

The party asserting subject matter jurisdiction bears the burden of proof opposing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009) (quotation omitted). The Court may decide the jurisdictional question based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996) (citations omitted). If the Court resolves disputed facts to decide if it has jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

**B.** **Sovereign Immunity and the FTCA**

The United States, as sovereign, is immune from suit unless it expressly consents to be sued.  *See F.D.I.C. v. Meyer*, 510 U.S. 471 (1994);  *McMahon v. United States*, 342 U.S. 25 (1951).  Through the FTCA, the United States has waived immunity under certain circumstances.  28 U.S.C. §§ 1346(b), 2671-2780.  The FTCA waives immunity and grants jurisdiction to the courts over claims "[1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)).  The Government is liable for those tort claims "in the same manner and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  This Court must strictly construe this waiver of immunity and resolve all ambiguities in favor of the United States.  *See, e.g.*, *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

Congress has legislated a number of express exceptions to this waiver of immunity.  *See* 28 U.S.C. § 2680.  In particular, the FTCA does not waive immunity to "[a]ny claim arising out of ... misrepresentation, deceit, or interference with contractual rights."  *Id.* at § 2680(h).  This exception for misrepresentation "encompasses claims for negligent as well as intentional misrepresentation."  *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993) (citing *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 377 (5th Cir. 1987).  "It also covers both affirmative acts of misrepresentation and omissions of material fact."  *Id.* (citation omitted).  "Moreover, causes

of action distinct from those excepted under section 2680(h) are nevertheless barred when the underlying governmental conduct 'essential' to the plaintiff's claim can be fairly read to 'arise out of' conduct that would establish an excepted cause of action." *Id.* (citation omitted).  "[T]he manner in which a plaintiff chooses to plead her claim is not controlling; rather, a court must 'look to the essential act that spawned the damages' to determine whether the misrepresentation exception bars the claim." *Metro. Life Ins. Co. v. Atkins*, 225 F.3d 510, 512 (5th Cir. 2000) (quoting *Saraw P'ship v. United States*, 67 F.3d 567, 570 (5th Cir. 1995)).

"To determine whether the instant negligence claim arises out of misrepresentation, [the court] must consider whether the focal point of the claim is negligence in the communication of (or failure to communicate) information or negligence in the performance of an operational task, with misrepresentation being merely collateral to such performance." *Atkins*, 225 F.3d at 512. The Fifth Circuit addressed the line between "an action under misrepresentation which is barred or ... a permissible negligence claim under FTCA" in *Saraw Partnership*.  In *Saraw*, the plaintiffs purchased property and the VA financed the transaction.  The plaintiffs were obligated to make monthly loan payments in accordance with payment coupons issued by the VA, but due to erroneous data entry by a VA employee, the coupon book was not issued.  Without the coupon book, the plaintiffs could not make loan payments and the property was foreclosed upon.  The Fifth Circuit held that the government's negligent data entry and failure to issue the coupon book was the "cause sine qua non for all the problems that followed."  *See* 67 F.3d at 570-71.[1]  Any

---

[1]The Fifth Circuit relied on the Ninth's Circuit's reasoning in *Mundy v. United States*, 983 F.2d 950 (9th Cir. 1993).  In *Mundy*, the United States misfiled some paperwork related to a contractor's application for security clearance, which resulted in denial of the application.  The United States then told the contractor's employer about the denial, resulting in his termination.  The Ninth Circuit held that the communication was not a misrepresentation, because the application was denied, and was only collaterally involved in the plaintiff's injury.  The real cause of the injury was

subsequent miscommunications by the government were "collateral to the fact of the mishandling" of the loan payments and the heart of the case was the negligently-performed operational task. *See id.* In particular, the Fifth Circuit noted that the "the essence of an action for misrepresentation is the communication of misinformation *on which the recipient relies*," and that in *Saraw* the plaintiffs had not relied on any misrepresentation by the VA. *Id.* at 571 (quotation omitted) (emphasis in original).

Here, the United States argues that Plaintiff's claims fall within the § 2680(h) exception for misrepresentation or interference with contractual rights. It argues that the gravamen of the amended complaint is the VA's failure from the outset to draw Plaintiff's attention to the fact that a guaranteed offer through Home Sale Assistance required positive net equity, or that Plaintiff would have to make up the difference if he was "underwater" on his mortgage. The United States also argues that the complaint can be read as asserting an interference with contractual rights claim, given that Plaintiff asserts that "actions and inactions of the government have ... denied [Plaintiff] a guaranteed entitlement and benefit." (Rec. Doc. 27 at 9). However, the United States argues that either theory of recovery is barred under the FTCA.

Plaintiff responds that his claim is not for misrepresentation, but rather for "mishandling of benefits" and a "failure to properly assist [him] in his decision to accept a transfer with relocation benefits." He contends that the VA was obligated to assist him with his housing situation, or to provide help through a VA Relocation Coordinator and that no such Coordinator ever contacted him. Plaintiff argues that he has stated a claim for negligent performance of operational duties, not misrepresentation, and that his claim is not barred.

────────────────

the negligent application processing, which was actionable under the FTCA. *See* 983 F.2d at 952-53.

The Court agrees with the United States that the theory or basis of Plaintiff's claim against the United States is that the "essential act that spawned the damages" was the VA's negligent omission of the positive net equity requirement in its communications to Plaintiff.[2] Indeed, in Plaintiff's own words, he "would not have accepted the new position and he and his wife would not have moved to Louisiana had they been informed that Home Sale Assistance required the home have positive net equity.  He would not have accepted the new position and he and his wife would not have moved to Louisiana had they been informed that he did not qualify for Home Sale Assistance."  This is precisely the sort of misrepresentation and reliance thereon that is not actionable under the FTCA.  *See Saraw P'ship*, 67 F.3d at 571.  Subsequent negligent conduct by the VA in assisting Plaintiff in coping with the consequences of his reliance on that omission, if any, is at best collateral to the original omission.  Accordingly, Plaintiff cannot recharacterize the underlying breach as a "mishandling of benefits" or a failure "to carry out and perform [the VA's] duties."  There is a legal requirement of positive net equity, the VA did not expressly inform Plaintiff of that requirement, and Plaintiff relied on that omission.  His claim against the United States is covered by the exception of § 2680(h).  Therefore, the United States has not waived sovereign immunity to the claim and this Court lacks subject matter jurisdiction over the claim.

The Court must also consider whether Plaintiff should have an opportunity to amend his complaint again.  The Court has dismissed the complaint once without prejudice, and

---

[2]The United States also argues that Cartus, and not the VA, prepared the Policy Guide which omitted the positive net equity requirement.  The Court concludes that it lacks jurisdiction because the actionable conduct is a misrepresentation by omission excluded under § 2680(h), regardless of whether the VA or Cartus made the omission.  Thus, the Court need not and does not reach the United States's alternative argument that it is not liable for Cartus's actions or omissions because Cartus was a contractor and not an employee of the United States.

emphasized the gravity of the United States's other arguments against jurisdiction.  The Court concludes that Plaintiff has thus already had an opportunity to articulate a claim against the United States that is not excluded under the FTCA.  He has not done so, and the Court sees no way he can plead around the fundamental basis of his claim against the United States in a non-actionable misrepresentation.  Accordingly, Plaintiff will not be granted leave to amend his complaint against the United States.  However, the Court notes that the United States has taken the position that Plaintiff has a potential remedy through the VA, with eventual review by the Civilian Board of Contract Appeals.

## III.   Conclusion

For the foregoing reasons, the United States's motion to dismiss for lack of subject matter jurisdiction is GRANTED.  Plaintiffs' claims against the United States are dismissed WITHOUT PREJUDICE.

New Orleans, Louisiana this 31st day of March, 2011.

UNITED STATES DISTRICT JUDGE