UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DAVID DESCHOOLMEESTER, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-1538** |
| | * | |
| **CARTUS CORPORATION, ET AL.** | * | **SECTION "L" (1)** |

**ORDER & REASONS**

The Court has pending before it Plaintiffs's Motion to Appeal/Review Magistrate Judge's Decision (Rec. Doc. 113). The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.    Background**

This case arises out of Plaintiff David DeSchoolmeester's relocation from Florida to Louisiana to take a different position with the United States Department of Veterans Affairs ("VA"). The facts are set out at greater length in prior Orders and Reasons. Briefly, Plaintiff Deschoolmeester formerly lived in Miami, Florida, where he owned a home with his wife. Deschoolmeester applied and accepted a VA position in Mandeville, Louisiana, and attempted to take advantage of home sale assistance with respect to his Florida home. Defendant Cartus contracted with the VA to provide home sale assistance.

Positive net equity in the home was a requirement for home sale assistance. Deschoolmeester owed more on his mortgage than the appraised value of the home, and thus did not have positive net equity. He attempted to negotiate a short sale of the property with his bank, but those negotiations were unsuccessful and no sale of the home was ever consummated. Plaintiffs filed suit in this Court seeking damages from Cartus for its alleged breach of contract.

Through discovery, Plaintiff sought materials related to Cartus's profits on its contract with the VA. That evidence would purportedly be relevant to Cartus's motive to fail to cooperate with Plaintiff's efforts to secure a short sale. Plaintiff filed a motion to compel production of those materials, which the Magistrate Judge initially granted in part, ordering Cartus "to provide the plaintiff the P&L statements on the VA contract in summary form subject to the terms of a protective order. A one page schedule will suffice." (Rec. Doc. 94 at 2).

Cartus filed a motion for reconsideration. (Rec. Doc. 97). It submitted an affidavit from a Senior Vice President, who stated that Cartus did not maintain records of net profits on a contract-by-contract basis, and thus could not compile the profit and loss statement requested by Plaintiffs without "hundreds of hours of work performed by multiple individuals over a period of weeks." (Rec. Doc. 97-2 at 5). On the basis of that unrefuted affidavit, the Magistrate Judge granted the motion for reconsideration and vacated the order granting the motion to compel. (Rec. Doc. 103).

## II.   Present Motion

Plaintiffs have filed an appeal from the Magistrate Judge's order granting the motion for reconsideration and vacating the original order granting the motion to compel. Plaintiffs contend that the requested discovery is relevant and therefore "Cartus should not be permitted to produce nothing." (Rec. Doc. 113-1 at 4). Cartus opposes the appeal, on the grounds that it was untimely filed and that the Magistrate Judge's Order is not clearly erroneous or contrary to law.

## III.  Law & Analysis

Federal law affords a magistrate judge broad discretion in the resolution of nondispositive pretrial matters. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Thus, a district court reverses a magistrate judge's ruling on such matters only if it "is clearly erroneous

or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995). Therefore, Plaintiffs must clear a high hurdle for this Court to grant the instant motion.

It is self-evident that the Magistrate Judge carefully considered the arguments of the parties, both in connection with the original motion to compel and the motion for reconsideration. The Magistrate Judge ruled that Cartus is not required to produce materials that do not presently exist and cannot be prepared without undue burden and expense. This was not clearly erroneous or contrary to law, and the appeal from the Magistrate's ruling is DENIED.

New Orleans, Louisiana this 7th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE